UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESSICA CARTER, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 2:13-cv-00216-JMS-MJD |
| | ) | |
| ORGANON USA, INC., ET AL., | ) | |
|     *Defendants.* | ) | |

## <u>ORDER</u>

Plaintiff Jessica Carter filed a Complaint on June 14, 2013 in which she alleges that the Court has diversity jurisdiction over her claims against Defendants Organon USA, Inc.; Organon International, Inc.; Organon Pharmaceuticals USA, Inc.; N.V. Organon; Akzo Nobel N.V.; Schering-Plough Corporation; Schering Corporation; and Merck & Co., Inc. [Dkt. 1 at 1, ¶ 1.] Specifically, Ms. Carter alleges that: (1) she is a citizen of Indiana, [*id.* at 2, ¶ 4]; (2) Organon USA, Inc. is a New Jersey corporation with its principal place of business in New Jersey, [*id.* at 3, ¶ 7]; (3) Organon International, Inc. is a Delaware corporation with its principal place of business in New Jersey, [*id.* at 3, ¶ 8]; (4) Organon Pharmaceuticals USA, Inc. is "a foreign corporation" with its principal place of business in New Jersey, [*id.* at 3-4, ¶ 9]; (5) N.V. Organon is "a foreign corporation" with its principal place of business in The Netherlands, [*id.* at 4, ¶ 10]; (6) Akzo Nobel NV is a company "incorporated and existing under the laws of The Netherlands," [*id.* at 4-5, ¶ 12]; (7) Schering Plough Corporation is a New Jersey corporation, [*id.* at 5, ¶ 13]; (8) Schering Corporation is a New Jersey corporation with its principal place of business in New Jersey, [*id.* at 5, ¶ 14]; (9) Merck & Co. is a New Jersey corporation with its principal place of business in New Jersey, [*id.* at 6-7, ¶ 17]; and (10) the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 1, ¶ 1].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on Ms. Carter's Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, Plaintiff is reminded that: (1) a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006), and Plaintiff must allege both in order the invoke the Court's jurisdiction;[1] (2) foreign corporations are citizens of the foreign state where they are incorporated and the foreign state where they have their principal place of business, 28 U.S.C. § 1332(c)(1); (3) "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be," *Hart v. Terminix Int'l*, 336 F.3d 541, 543 (7th Cir. 2003);[2] (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (5) although a plaintiff may aggregate the amounts against defendants to satisfy the amount in controversy requirement if the defendants are jointly liable, a plaintiff must satisfy the amount in

---

[1] In the Complaint, Plaintiff did not set forth the specific state or country of incorporation for Organon Pharmaceutical USA, Inc. or N.V. Organon, or the principal place of business for Akzo Nobel NV or Schering Plough Corporation.

[2] The Complaint alleges that Defendant Organon Pharmaceuticals USA, Inc. is now known as Organon Pharmaceuticals USA, Inc., LLC. [*See, e.g.*, dkt. 1 at 5-6, ¶ 15.] Accordingly, Plaintiff must allege the citizenship of each member of the LLC in order to invoke the Court's diversity jurisdiction.

- 3 -

controversy requirement against each individual defendant if the defendants are severally liable, *LM Ins. Corp. v. Spaulding Enters.*, 533 F.3d 542, 548 (7th Cir. 2008).

Additionally, the Court notes that a civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391.  After reviewing Ms. Carter's Complaint, the Court finds no allegations linking any of the defendants or a substantial part of the events giving rise to Ms. Carter's claims to the Southern District of Indiana and the Terre Haute Division.

The Court **ORDERS** Plaintiff to file an Amended Complaint on or before **June 28, 2013**, which addresses the jurisdictional and venue-related concerns noted above.  In the Amended Complaint, Plaintiff must set forth the state or foreign country of incorporation and the state or foreign country where the principal place of business is located for *each and every* Defendant.  Plaintiff must also allege facts linking the litigation to this District and Division.  Defendants need not respond to the Complaint, [dkt. 1], but rather shall timely respond to the Amended Complaint once it is filed.

06/18/2013

**Distribution via ECF only:**

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

- 3 -